## Mahan v. Berry.

An oath administered by a justice of the peace, before arbitrators, on a parol submission not made a rule of court, is not a judicial oath—nor will its falsity constitute legal perjury. Hence to charge a person with having sworn falsely on such an occasion is not actionable.

*Hayden* and *Adams,* for plantiff in error:

The plaintiff, James Mahan, charges in his declaration that the defendant, in a conversation concerning evidence which the said Mahan had given on an arbitration, said of him that he had sworn a lie, had been guilty of perjury, had perjured himself, &c.

The defendant pleaded not guilty. Upon the trial of the cause, it was admitted that there had been an arbitration, four or five years since, between James A. Mahan and William Berry, about a horse called Charley, as set forth in the declaration. That the agreement to submit said arbitration was by parol, and not in writing; and that the arbitration was not made a rule of court, nor agreed to be made a rule of court; and that upon that arbitration, the plaintiff was introduced as a witness,

SEPT. TERM,
1837.

Mahan v. Berry.

and an oath administered to him by an acting justice of the peace, by the request of the arbitrators, to testify in relation to the matter in difference between the said James A. Mahan and William Berry, and did testify as a witness.

The plaintiff then proved by one witness that the defendant, in a conversation concerning the testimony of said Mahan, upon said arbitration, stated of him that he had sworn a lie. The plaintiff then, by another witness, proved that the defendant, in speaking of the testimony of the said plaintiff, upon the aforesaid arbitration, said of him that he had committed perjury, or had been guilty of perjury. The plaintiff then offered to prove that the defendant, before the commencement of this suit, and in another and different conversation than those above stated, in speaking of the testimony upon said arbitration, said of him that he had been guilty of perjury; which proof was offered by the plaintiff to prove the words laid in the declaration, and as a substantive cause of action; but the court refused to permit the plaintiff to prove the same unless he would abandon his previous testimony in relation to the speaking of the words, which the plaintiff refused to do; to which opinion of the court the plaintiff objected.

There was no evidence to prove that the witness, at the time the words were spoken by the defendant of the plaintiff, knew of the nature of the agreement to submit to arbitration.

The plaintiff moved the following instructions:

1. That if the jury believe that the defendant charged the plaintiff with perjury, as set forth in the declaration, then they must find for the plaintiff.

2. That if they believe from the evidence of Moses Netherton, given upon the trial of this cause, that the defendant intended to charge the plaintiff with perjury, then they must find for the plaintiff.

3. That if they believe from the evidence of Netherton, in this cause, that the defendant intended to charge the plaintiff with swearing a lie before the arbitrators, in the declaration mentioned, after having been sworn by a justice of the peace to tell the truth touching the matters in difference submitted to said arbitrators, that such evidence may be taken into consideration by the jury, to show the malice of the defendant in speaking the words stated by Peter B. Cockrell.

4. That to recover in this case, it was not necessary for the plaintiff to prove that the submission to arbitra-

tion was made upon a bond entered into by the parties,
and made a rule of court; all of which instructions were
refused.

The defendant then moved the following instruction:
That admitting the evidence given by the plaintiff to be
true, that he cannot recover in this action; to the giving
of which the plaintiff objected, but the court gave it.
A verdict and judgment were given for the defendant be-
low.  To reverse the judgment of the court below, the
counsel for the plaintiff submitted the following points:

1. That the court erred in refusing the evidence offer-
ed by the plaintiff to prove the speaking of the words.

Although a plaintiff, in his declaration, may lay the
speaking of slanderous words to have been in the pres-
ence of a particular individual, still he need not prove
them to have been spoken in his presence—2 Starkie's
Ev. 452, B. N. P. 5.

The *gravamen* of the action consists in the malicious
publication of the words, and to confine the plaintiff to
one uttering, would be to take from the jury the right to
determine upon the sufficiency of the proof to establish
the speaking of the slanderous words; it would be keep-
ing from the jury evidence pertinent to the issue, and
tending to ascertain whether the defendant was guilty or
not guilty of charging the plaintiff with perjury.

2. The court erred in giving the instruction prayed
for by the defendant, and in refusing to give those asked
for by the plaintiff.  The evidence shows that the oath
was taken in the presence of the arbitrators, and at their
request, and that it was administered by a justice of the
peace; so the sole question on this point is, whether the
justice of the peace had, on that occasion, power to ad-
minister an oath.  That he had such power, see Laws
of Missouri, Digest 1825, title Oaths and Affirmations, s.
3, page 604, State v. Stevenson; 4 McCord, 165, cited
in Russell on Crimes, 2 vol. page 520.

*Wilson,* for defendant in error:

The words are proved as alleged, but it appears this
trial was on a voluntary and verbal submission by the
plaintiff and defendant of some matters of dispute be-
tween them, but this submission was never made, either
before or after an order of court, nor had any suit been
pending about [the same.]  That in that investigation,
the plaintiff had been sworn by a justice of the peace,
who happened to be present, to testify before the arbitra-
tors, and the words were spoken, charging, as laid, the

Mahan v. Berry.

plaintiff with swearing to a lie, and also of perjuring himself. The plaintiff offered to prove other words of the same import, spoken about another matter, but as there was but the one count, and that referred to the words spoken about the oath before the arbitrators, the court rejected that proof. The court then instructed the jury that these words did not support the action, and the jury found accordingly, from which the plaintiff below appealed; and I suppose they insist that this decision of the court was wrong, and we insist it was properly decided.

McGIRK, Judge, delivered the opinion of the court.

Mahan brought an action of slander against Berry, for charging him with swearing falsely before certain arbitrators in a matter submitted to them, wherein Mahan and Berry were parties. It appeared by the evidence that Mahan and Berry had some matter of difference, which they submitted to certain arbitrators verbally, without the same being made a rule of court, or in any other manner being a judicial proceeding, but that the same was voluntary and extra judicial. The plaintiff proved the speaking of the words. It appeared, also, that on this arbitration, Mahan was sworn by a justice of the peace to give evidence, and that he did give evidence, and the evidence so given, Berry charged was false, and in that behalf the plaintiff committed perjury.

On the trial of the cause in the Cooper circuit court, the plaintiff asked the court for several instructions, which were refused; the defendant then asked the court to instruct the jury that if they believed all the evidence of the plaintiff to be true, that, by law, they must find for the defendant, which instruction the court gave, whereon the jury found for the defendant.

The instruction refused for the plaintiff and that given for the defendant are complained of as error. Some of the plaintiff's testimony was rejected. But as I consider the plaintiff could not recover if his rejected testimony had been received, I deem the discussion of that matter of no value.

The question made by the record is, 1. Whether perjury can be charged so as to make the charge actionable in a case like the present? The defendant's counsel insist that the arbitration was extra judicial, and of course the oath administered by the justice was what the law calls a voluntary oath, for the falsity of which an indict-

An oath administered by a justice of the peace, before arbitrators, on a parol submis-

ment for perjury will not lie. I understand the oath administered in the case to have been precisely of that description.

SEPT. TERM, 1837.

Mahan v. Berry.

The proceeding was extra judicial, and the oath voluntary. To prove the justice had power to administer this oath, Mr. Hayden has referred the court to the statute on the subject of oaths—Digest, 1825, page 603.

In section 3d of the act, it is enacted, among other things, "That all justices of the peace, respectively, shall have power to administer oaths and affirmations to witnesses and others, concerning any thing depending, or proceeding commenced, or to be commenced, before them." And then again the act says: "The justices shall repectively have power to administer oaths of office, and other oaths required to be taken before entering upon the discharge of the duties of any office, appointment, place, or business, or any other lawful occasion, and to take affidavits concerning any matter or thing, process or proceedings, depending or to be commenced in any court, or before any justice of the peace, or on any occasion where such affidavits or depositions are authorized by law to be taken," &c.

*sion not made a rule of court, is not a judicial oath—nor will its falsity constitute legal perjury. Hence, to charge a person with having sworn falsely on such an occasion is not actionable.*

There is nothing in the section which authorizes the justice to administer any oath unless in cases where the law requires such oath to be taken. The act respecting arbitrators has also been relied on, to show the authority to administer the oath in this case—Revised Code, 1825, 1837. The first section of that only recognizes two cases in which arbitrations can be made a judicial proceeding, the first is where the parties have a matter in dispute for which there is no remedy but by action at law; in such case they may make their submission before suit brought, by a rule of court, and then the matter becomes judicial, and where a suit is brought the parties may submit to arbitration. The case at bar is neither of those cases, consequently it is extra judicial, and the oath unauthorized; consequently the instruction of the court was right. The judgment of the circuit court ought to be affirmed.