STATE OF MISSOURI, Respondent, *v.* MORGAN BOLAND, Appellant.

April 4, 1882.

1. Section 1421 of the statute, concerning false oaths, affidavits, and statements, provides for an offence distinct from perjury.

2. It is enough that the affidavit or statement is made before an officer having general authority to administer oaths.

3. A notary public is authorized, in Missouri, to administer oaths to the same extent as any judicial officer.

APPEAL from the St. Louis Court of Criminal Correction, CADY, J.

*Affirmed.*

F. D. TURNER and T. B. HARVEY, for the appellant: The information is, on its face, insufficient. The notary had no authority to administer such an oath. Notaries "can do nothing not expressly authorized, and under the circum-

stances which authorize it."—*Ex parte Kreiger*, 7 Mo. App. 367; *Ex parte Mallinkrodt*, 20 Mo. 493; *Ex parte Mumford*, 67 Mo. 607. To constitute the statutory offence it must appear that the oath was one required or authorized by law.— *United States* v. *Babcock*, 4 McLean, 113; 2 Whart. Cr. Law, sect. 1269; *The State* v. *Marshall*, 47 Mo. 380.

CHESTER H. KRUM and CHARLES T. NOLAND, for the respondent, cited : *The State* v. *Flagg*, 25 Ind. 244; *Skouton* v. *Wood*, 57 Mo. 380; *Omealy* v. *Newell*, 8 East, 372; *The Commonwealth* v. *Powell*, 2 Metc. 10.

BAKEWELL, J., delivered the opinion of the court.

Defendant was convicted in the St. Louis Court of Criminal Correction of a misdemeanor in making a false affidavit, contrary to the provisions of the statute. The amended information under which the trial was had, makes substantially the following allegations : That defendant wilfully, corruptly, and falsely, on November 7th, made a corrupt voluntary false affidavit before " one William H. Yeaton, who was then and there a notary public, duly commissioned and qualified within and for said city of St. Louis and state of Missouri, and having full authority and being duly qualified by law to administer oaths." The affidavit is set out, and gives a long conversation which defendant in his affidavit swears to have taken place between himself and one Charles P. Johnson, at the Union Depot in St. Louis. The purport of the conversation being that Johnson endeavored to pursuade defendant to allow himself, as a member of the board of police commissioners, to be corruptly influenced against the enforcement of the laws against gaming. It is further alleged that the said affidavit was made for " the purpose of defaming the reputation and character of one Charles P. Johnson, then and at the time a resident of said city ; and in order and for the purpose that the said affidavit and statement might be used, read, and

introduced in a certain investigation then about, to wit, on the eighth day of November, 1881, 'to be begun before William L. Ewing, Edward C. Simmons, Alexander Kinkead, and John H. Maxon, who were then and there police commissioners for the city of St. Louis, touching and concerning the discharge of their official duties by said police commissioners in the detection and punishment of the offence of gambling in said city, and touching and concerning the conduct and discharge of public duties by the police force of said city in regard to the detection, prevention, and punishment of said offence of gambling in said city ; which said investigation was in fact begun before the said police commissioners on said eighth day of November, A.D.1881, and at which said investigation, at the instance and with the consent of said police commissioners, said false statement and affidavit was introduced, used, read, and published.''

The only question suggested for our consideration is as to the sufficiency of the complaint. It is contended by appellant that the affidavit does not appear to have been material to any legal proceedings, or to have been authorized by law ; and that it does appear that it was made before an officer not authorized to administer an oath.

The statutory provision under which defendant was convicted is as follows (Rev. Stats., sect. 1421) : —

'' Every person who shall wilfully, corruptly, and falsely, before any officer authorized to administer oaths, under oath or affirmation, voluntarily make any false certificate, affidavit, or statement of any nature, for any purpose, shall be deemed guilty of a misdemeanor, and shall upon conviction be punished by imprisonment in the county jail not less than six months, or by fine not less than five hundred dollars.''

This provision first appears in the revision of 1855 (1 Rev. Stats. 1855, p. 600, sect. 4), from which it was adopted from the Code of 1852 of the state of Indiana.

The Indiana law is word for word the same, from the beginning of the section to the word "misdemeanor." The offence in Indiana is declared to be perjury, and is made punishable by imprisonment in the penitentiary. 2 Davis' Stats. Ind. 1852, p. 444, sects. 41, 43.

This section has been the subject of judicial construction in Indiana in a case that was considered, however, long after the section was adopted into our own law. The supreme court of Indiana holds (*The State* v. *Flagg*, 25 Ind. 244), that the policy of the provision is to discourage all unnecessary and voluntary affidavits or sworn statements, and that, where no oath or affirmation is required to the statement, if the person making the statement voluntarily make a false oath thereto, he shall be held liable under this section, although such statements may not be of a matter material to the question involved.

In Kentucky, there is a statutory provision, that " if any person, in any matter which is or may be judicially pending, or on any subject in which he can be legally sworn, or on which he is required to be sworn, when sworn by a person authorized to administer an oath, shall wilfully and knowingly swear, depose, or give in evidence that which is untrue and false, he shall be confined in the penitentiary not less than two or more than six years." It is held there, that this provision was manifestly intended to embrace a large class of offences not perjury at common law, and for which no punishment had been provided; and that, to constitute an offence under the statute, it is not necessary, either that the false oath should be taken in a matter judicially pending at the time, or in a matter material to any point in question, but that the offence is complete if the false oath was taken knowingly and wilfully, on a subject on which the party could be legally sworn, and before a person legally authorized to administer the oath. *The Commonwealth* v. *Powell*, 2 Metc. 10.

In *The State* v. *Marshall* (47 Mo. 381), this section of the

Missouri statute was under consideration; but, for the purposes of that case, the court considered it unnecessary to enter into the inquiry as to whether our statute covered affidavits not provided for by law. We have no doubt that it does so, both because of the words "affidavit or statement of any nature," and from the obvious intention of the legislature, to be gathered from the whole language of the section, taken in connection with section 1418, as to perjury. Where the false swearing is as to a material matter, and the oath one required by law, or by a usage sanctioned by the courts or some department of the government, before an officer authorized to administer the oath, it is perjury at common law. *United States* v. *Babcock*, 4 McLean, 113; *United States* v. *Nickerson*, 17 How. 204; *The State* v. *Whittemore*, 50 N. H. 245; *Hall* v. *Montgomery*, 8 Ala. 510. Such an oath, so taken, is also perjury by statute in Missouri. Rev. Stats., sect. 1418. The legislature obviously intended by section 1421, under consideration, to provide for an offence not covered by the common-law definitions of perjury, or by the statutory definition of that offence.

It is, however, contended that the false affidavit in this case was taken before an officer not authorized to administer the oath. That a notary is authorized to administer oaths in some cases cannot be disputed. He is, therefore, an officer "authorized to administer oaths;" and whether he was authorized to administer this oath or not, he comes within the language of the law. No officer seems to be expressly authorized by law to administer otiose voluntary oaths; and, if to warrant a conviction, it must appear that the officer before whom the oath was taken was authorized, not only to administer oaths, but also expressly authorized to administer that particular kind of oath, it seems to be questionable whether it is possible to commit the offence prohibited by section 1421; and it is quite obvious that a penal statute to discourage unnecessary

and voluntary affidavits must be a dead letter, if it be necessary, in order to a conviction, to show, not only that the officer before whom the oath was taken was authorized to administer oaths, but also that he was authorized to administer otiose, unnecessary, and voluntary oaths.

Notaries are authorized (Rev. Stats., sect. 6460) to "administer oaths and affirmations in all matters incident to or belonging to the exercise of their notarial offices. They may * * * take and certify depositions and administer oaths and affirmations, and take and perpetuate the testimony of witnesses, in like cases, and in like manner, as justices of the peace are authorized to do." And, as to justices of the peace, the same provision applies to them that applies to every judicial officer in the matter of administering oaths. It is this (Rev. Stats., sect. 3326) : " Every court and judge, justice, and clerk thereof, and all the justices of the peace, shall, respectively, have power to administer oaths and affirmations to witnesses and others, concerning any thing or proceeding depending before them, respectively, and to administer oaths, and take affidavits and depositions within their respective jurisdictions, in all cases where oaths and affidavits are required by law to be taken."

The act creating the board of police commissioners of St. Louis ( Rev. Stats. 1529, sect. 5 ; Acts 1860–61 p. 448, sect. 5) bestows upon the board, for the purpose of carrying out the objects for which they were created, *quasi* judicial functions. They may " summon witnesses and compel their attendance before them, whenever it may be necessary for the more effectual discharge of their duties." As they may investigate police matters, and summon witnesses for that purpose, we see no reason why they may not, if they choose, receive evidence in the. way of affidavits, if they see fit to do so. The complaint sets forth that the affidavit in question here, was taken for the purpose of being used on an investigation in regard to their official

duties, set down by the police commissioners for the 8th of November, and that it was actually introduced at that investigation, with the consent of the board, and at their instance. It may, therefore, be plausibly argued that this oath was one of those which a notary public was expressly authorized by law to administer. But, whether this be so or not, the officer before whom it was taken was clearly " an officer authorized by law to administer oaths ; " and if the oath taken before him in this case was false, and wilfully and corruptly false, and a false affidavit voluntarily made by affiant, it seems to come within the language and meaning of the law, and the conviction ought not to be set aside on the grounds urged against the sufficiency of the complaint.

We think the judgment should be affirmed. All the judges concur.