## NOYES S. COLLINS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

PERJURY—STATUTE CONSTRUED—OATH TAKEN FALSELY MUST BE AU-
THORIZED OR REQUIRED BY LAW.

One of the vital essentials of the crime of perjury under Section 5, p. 371 McClellan's Digest, that provides: "Whoever, being authorized or required by law to take an oath or affirmation, wilfully swears or affirms falsely in regard to any material matter or thing respecting which such oath or affirmation is authorized or required, shall be deemed guilty of perjury," etc., is that, the oath or affirmation, alleged to have been taken falsely, must be one that is *authorized* or *required by law* to be taken under the circumstances or for the purposes for which it is taken. The taking of a mere voluntary or extra-judicial oath that is nowhere either authorized or required by any law to be taken for the purposes or under the circumstances in which it is taken, is not perjury under this statute though never so falsely and wilfully taken.

Writ of Error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*R. W. & W. M. Davis, B. Putnam Calhoun, Blackwell & Reese* and *W. M. Ives* for Plaintiff in Error.

*William B. Lamar, Attorney-General,* for the State.

TAYLOR, J.:

In the Circuit Court of Columbia county at the Fall term, 1892, Noyes S. Collins, the plaintiff in error, and W. J. Winegar were jointly indicted for perjury as follows: "That Noyes S. Collins and W. J. Winegar, late of said county, bankers, on the 11th day of June, A. D. 1891, at and in the county and State (Columbia county, Florida,) aforesaid, desiring then and there to procure, as a pretended deposit in the Lake City Bank, in said county and State, a large amount of money, to-wit: ten thousand dollars, from one Geo. B. Ellis, then county treasurer of said county, and to induce the said Geo. B. Ellis to deposit said money in said bank, and a pretense to secure him against all loss therefrom, the said Collins and Winegar then and there made and executed their certain bond in words and figures as follows, to-wit: State of Florida, Columbia county—Know all men by these presents that we, William J. Winegar, of Palatka,

Florida, and Noyes S. Collins and James E. Young, of Lake City, Florida, are held and firmly bound unto Geo. B. Ellis, county treasurer of Columbia county, Florida, in the sum of twenty thousand dollars, lawful money of the United States of America, for the payment whereof well and truly to be made we bind ourselves, our heirs, executors, administrators jointly and severally firmly by these presents. Signed and sealed this 11th day of June, A. D. 1891, at Lake City, Florida. The condition of this obligation is such that whereas it is desired that the said Geo. B. Ellis, as county treasurer as above stated, deposit the money of the said Columbia county now in his hands as such treasurer, at his option, in the Lake City Bank, a corporation duly established and existing under and pursuant to the laws of the State of Florida, and doing business in Lake City, Columbia county, Florida, and it is the intention of these presents that the said William J. Winegar and Noyes S. Collins and James E. Young, above bounden, shall guarantee that the Lake City Bank will pay back any and all such sums of money as may be so deposited, upon the order of the said Geo. B. Ellis; now, therefore, if the said Lake City Bank shall well and truly pay back all such sums of money as may be deposited therein at this time, or may hereafter be deposited on account of Geo. B. Ellis, as treasurer as aforesaid, when thereto requested, then this obligation to be void, otherwise to remain in full force and virtue.

Signed, sealed and delivered in presence of, the name of James E. Young inserted before signing, A. J. Henry.

William J. Winegar. (Seal)
Noyes S. Collins. (Seal)
James E. Young. (Seal)

"And to further induce the said Geo. B. Ellis, county treasurer as aforesaid, to make said deposit as aforesaid in said Lake City Bank, the said William J. Winegar and Noyes S. Collins, being then and there duly authorized and required by law to take an oath and affirmation, not then and there in a judicial proceeding, were duly sworn and took their corporal oaths before A. J. Henry, a Notary Public in and for said county, the said A. J. Henry then and there having competent power and authority to administer the said oath to the said William J. Winegar and Noyes. S. Collins in that behalf, and that the said William J. Winegar and Noyes S. Collins being so sworn, did then and there wilfully and knowingly, corruptly and falsely swear and affirm, each for himself, that he was worth the sum of ten thousand dollars over and above his debts and exemptions under the laws of the State of Florida, which said oath and affirmation are in words and figures, to-wit: 'State of Florida, Columbia county—Before me personally came William J. Winegar and Noyes S. Collins, who being sworn say, each for himself, that he is worth the sum of ten thousand dollars over and above his debts and exemptions under the laws of the State of Florida.

Sworn and subscribed to before me this 11th day of June, 1891. A. D. A. J. Henry, (Seal) Notary Public. } William J. Winegar. Noyes S. Collins'.

"Said oath then and there being taken by the said Winegar and Collins in regard to a material matter respecting which said oath is by law authorized and required, to-wit: as an inducement to the said Geo. B. Ellis to deposit said sum of money in said bank, which said oath so taken by the said Winegar and Collins was then and there false, and that the said Winegar

and Collins at the time they took said oath well knew it was false, and well knew that they each were not worth ten thousand dollars over and above his debts and exemptions under the laws of the State of Florida, contrary to the statute in such cases made and provided," etc.

Under this indictment the parties were tried. William J. Winegar was acquitted, but Noyes S. Collins was convicted and sentenced to ten years in State's prison. From this judgment he takes writ of error here.

Many errors are assigned, but as the consideration of one of them effectually disposes of the case we will notice that one alone. The defendants moved the court below to quash the indictment upon divers grounds, the 6th ground thereof being: "That there is no law in the State of Florida requiring or authorizing such oath as is alleged to be taken." According to the first instruction of the court to the jury, and from the allegations of the indictment itself, it was predicated upon and charges a violation of the provisions of Section 5, p. 371 McClellan's Digest, that is as follows: "Whoever, being authorized or required by law to take an oath or affirmation, wilfully swears or affirms falsely in regard to any material matter or thing respecting which such oath or affirmation is authorized or required, shall be deemed guilty of perjury, and shall be imprisoned in the State penitentiary not exceeding twenty years." The crime of perjury under this section of the statute can only be made out in those cases where the oath or affirmation taken falsely is one that "*is authorized or required by law* to be taken." There are many oaths, authorized or required by different provisions of law to be taken, that, if sworn or affirmed to wilfully and falsely will subject the

affiant to indictment under and to the penalties of this provision of the law. Such, for example, as the affidavits required by law for the issuance of the various writs of attachment, garnishment, replevin, claims to property levied upon, for injunction, for the proof of deeds and other writings for record, and in divers other cases wherever the law either expressly *authorizes* or *requires* the particular oath to be taken. So, too, whenever security *is required by any law* to be taken, such, for example, as attachment, replevy, claim, injunction, and bail bonds, where the person or officer taking the same is not acquainted with the situation of the sureties tendered, he is authorized by law to require such sureties to justify on oath, (Section 10, p. 440 McClellan's Digest), and in such cases the oath taken by such sureties would be such an oath as is *authorized by law* to be taken, and if taken wilfully and falsely would subject them to indictment under this section of the statute, but in order to fall within this provision of the law, the bond or security to which the justification is made must be one that is expressly *required by law* to be taken in any given case. We know of no law that either *authorizes* or *requires* the treasurers of counties to exact a bond or other security from banks or any one else for the guarantee of their deposit with them of the funds of their counties in their hands as such treasurers. Sections 21 and 22 of Chapter 3864, approved June 7th, 1889, an act for the incorporation of banking associations, &c., provide, in substance, that all banking associations organized under that act that shall be designated by the State Comptroller for such purpose shall be depositaries of public money under such regulations as the Comptroller may prescribe; and that the *Comptroller* shall require the associations thus designated to give satis-

factory security for the safe-keeping and prompt payment of the public moneys deposited with them. Sheriffs, tax collectors, county treasurers, &c., are thereby *permitted* but not *required* to deposit with such banking associations the moneys in their hands; but nowhere does this or any other law authorize or require a county treasurer to exact a bond or other security for his deposit of the county funds in his hands; and nowhere does the law authorize or require the principals or sureties upon any such bond that may be so voluntarily given to justify or take an oath as to their property worth. The bond, therefore, and the oath thereto, alleged to have been falsely taken in this case, were entirely voluntary—extra-judicial, and neither authorized or required by any law to be taken by the parties charged with having taken the same wilfully and falsely. One of the vital essentials of the crime to be alleged and made out under this section of the statute is, that the oath, charged to have been falsely taken, must be such an oath as is *authorized* or *required* by law to be taken under the circumstances by which it is surrounded when taken. The indictment here, though it alleges that the oath it charges to have been falsely taken was authorized and required by law to be taken, shows upon its face, as matter of law, that such oath was not in fact either authorized or required by any law to be taken for the purposes and under the circumstances set forth in the indictment; (State vs. McCarthy, 41 Minn., 59; Langford vs. State, 9 Tex. App., 283; Davidson vs. State, 22 Tex. App., 372; Steber vs. State, 23 Tex. App., 176; Collins vs. State, 78 Ala., 433; State vs. Boland, 12 Mo. App., 74; United States vs. Babcock, 4 McLean Ct. Ct., 113; Mahan vs. Berry, 5 Mo., 21; Linn vs.

Commonwealth, 96 Penn. St., 285; State vs. Byrd, 28 So. Car., 18; Lamden vs. State, 24 Tenn., 82).

From what has been said it is apparent that the indictment here was fatally bad, and that the conviction of perjury thereunder was illegal and unauthorized.

The judgment of the court below is reversed with directions to quash the indictment. .