BERRY BENTON, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 11, 1928.

*E. M. Magaha*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, for the State.

HUTCHISON, Circuit Judge:

The plaintiff in error hereinafter referred to as the defendant, by writ of error seeks a review of a judgment of the Circuit Court of Charlotte County convicting and sentencing him for the crime of larceny of an animal.

The first assignment of error relates to the denial of the motion of the defendant to strike all of the testimony of the

witness Harney Carlton relative to the ownership of a particular cow and yearling of Lykes Brothers Incorporated. The evidence of the witness Harney Carlton showed that the cow was marked and branded in the mark and brand, shown by other witnesses to be the mark and brand of Lykes Brothers Incorporated, and that said cow was the mother of the yearling charged in the indictment to have been stolen by the defendant. Such evidence was properly admitted to show ownership in Lykes Brothers Incorporated, of the animal alleged to have been stolen. The motion to strike the evidence was properly denied.

The second, third and fifth assignments of error were abandoned by the defendant. The sixth assignment of error relates to the denial of the motion of the defendant to withdraw his plea in bar, of not guilty, and to be permitted to enter a plea in abatement to the indictment. This motion was submitted after the defendant had presented a motion for a continuance which the court below had denied.

By pleading in bar the defendant waives any irregularity that might have been taken advantage of by plea in abatement. Green v. State, 60 Fla., 22, 53 So. 610; Hodge v. State, 29 Fla., 500, 10 So. 556; Shumake v. State, 90, Fla., 133, 105 So. 314.

It was in the discretion of the court to allow a plea of not guilty to be withdrawn in order to plead in abatement. Savage v. State, 18 Fla., 909; Adams v. State, 28 Fla., 511, 10 So. 106; Knight v. State, 44, Fla., 94, 32 So. 110.

The defendant entered his plea of not guilty at the October, 1926, term of the court below and at the Spring term in March, 1927, filed his motion for a continuance. After the motion for the continuance was denied the defendant filed his motion to withdraw the plea in bar and to be permitted to plead in abatement, which motion was

denied by the court below. There was no error in denying the motion, no abuse of discretion being shown.

Counsel for defendant in this case contended that the motion should have been granted because at the time of the arraignment and the entry of the plea in bar of the defendant he was not represented by counsel, and was not sufficiently aware of his rights in the matter. This same question was presented in the case of Mercer v. State 83, Fla., 555, 92 So., 535, in which this Court held there was no abuse of discretion by the trial court in refusing to allow a defendant to withdraw a plea in bar interposed at one term of the court at which the defendant was not represented by counsel and to interpose a plea in abatement at a subsequent term when represented by counsel. The sixth assignment of error is not well taken.

The fourth and seventh assignments of error are presented and argued together. They relate to the denial of the motion for a new trial the grounds of which, argued and insisted on by counsel for defendant all relate to the sufficiency of the evidence to prove the ownership of the property alleged to have been stolen. Taking all of the testimony together we think the proof of the ownership was sufficient and we do not feel justified in setting aside the verdict on the ground that it was not supported by the evidence.

Finding no reversible error the judgment of the court below is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as it's opinion, it is considered, ordered and adjudged by the

Court that the judgment of the Circuit Court in this cause be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.