JAMES MILLIGAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

137 So. 388.

Division B.

Opinion filed October 27, 1931.

296

Bart A. Riley and J. Aron Abbott, of Miami, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for Defendant in Error.

DAVIS, J.—We think the judgment in this case ought to be reversed because the charge made cannot be sustained in law.

Chapter 7828, Acts of 1919, provides that no marriage license shall be issued unless there shall be first presented and filed with the County Judge an affidavit in writing, signed by both "parties" to the marriage, stating certain facts.

In this case the affidavit was never signed nor sworn to by *both* of the "parties" to the marriage. On the contrary, it affirmatively appears that one of the "parties" who signed the affidavit was one Beatrice Bryant, who was not a "party" to the marriage at all, altho she was impersonating one Esther Lawyer, the other girl in the case, who *was* a "party" to the marriage.

The statute does not provide for affidavits of strangers to the marriage, and if a false affidavit was made and filed in order to get the marriage license issued, but such false affidavit was made by Beatrice Bryant, who was not a *party* to the marriage, altho impersonating one of the parties, that affidavit was a complete nullity and wholly unauthorized by law. Therefore, the plaintiff in error, James Milligan, cannot be legally convicted of having procured the making and filing of a perjured affidavit, because the alleged perjured affidavit was of no force and effect and the oath taken to it was neither authorized nor

required by any law. See Collins v. State, 33 Fla. 446, 15 Sou. Rep. 220, where this Court stated the rule to be:

"The crime of perjury under this section of the statute can only be made out in those cases where the oath or affirmation taken falsely is one that '*is authorized or required by law to* be taken' \* \* \* \* \* \* One of the vital essentials of the crime to be alleged and made out under this section of the statute is, that the oath, charged to have been falsely taken, must be such an oath as is *authorized* or *required* by law to be taken under the circumstances by which it is surrounded when taken." (text 33 Fla. 450, also 452.)

This section referred to is the same as our present law, Section 7474 C. G. L.

The defendant should have been charged in this case with violating section 3 of Chapter 7828, Acts of 1919, which provides that any "person" who shall violate any provision of the 1919 Act shall be guilty of a felony punishable by one year in prison, or not exceeding a five-hundred-dollar fine. Or such defendant might have been prosecuted as being accessory to the forgery of Esther Lawyer's name to the affidavit by Beatrice Bryant, who signed the affidavit while impersonating a party to the marriage, namely, the said Esther Lawyer.

The State proved in this case that the oath that was administered in connection with the affidavit was administered to and taken by Beatrice Bryant, not by Esther Lawyer. Esther Lawyer, a "party" to the marriage, was the only one who was authorized by law to have that oath administered to her and was the only one entitled to take it. The oath, by a stranger was a complete nullity and the defendant cannot be convicted of suborning a perjury which in contemplation of law cannot be legally committed by the person alleged to be suborned, namely, Beatrice Bryant, who was admittedly not a "party" to the marriage with reference to which the alleged oath was taken.

Section 7474 C. G. L., 5341 R. G. S., provides:

"Whoever, *being duly authorized or required by law* to take oath or affirmation, not in a judicial proceeding, wilfully swears or affirms falsely in regard to any material matter or thing, respecting which such oath or affirmation is authorized or required, shall be guilty of perjury, etc."

Section 7478 C. G. L., 5344 R. G. S., provides that whoever is guilty of subornation of perjury, by procuring another person to commit perjury, shall be punished as for perjury.

In this case it is plain that Beatrice Bryant who took the oath and swore to the falsehood was neither "authorized" nor "required by law to take any such oath, and therefore cannot be guilty of perjury in swearing falsely, no matter what other offense she may be guilty of. It follows that if Beatrice Bryant cannot be guilty of the perjury, the plaintiff in error, a misguided romantic youth, seeking to accomplish the feat of a Romeo with his Juliette, cannot be guilty of subornation of perjury, which is one of the most heinous offenses known to the law and one which is of the most severely punished,—the punishment permitted being equal to that provided for murder in the third degree or manslaughter.

This lovesick youth should not be compelled to serve a ten years' sentence in the penitentiary on a basis which has no support in the law.

Aside from the foregoing, the record here which has been compared with the original in the office of the Clerk below, shows no verdict finding the defendant guilty. The only showing in the record is as follows: "We, the jury, find the defendant, James Milligan. So say we all. James W. Bex, Foreman." Such verdict as the foregoing was not such a finding of guilt as warranted a judgment of conviction.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS AND BROWN, J.J., concur.