LEO MARKS v. STATE.
155 So. 727.
Opinion Filed June 19, 1934.

*Vincent C. Giblin,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—An information was filed in the Criminal Court of Record of Dade County against the plaintiff in error charging him with maintaining a gambling house. There was attached to the information the following jurat:

"STATE OF FLORIDA,
"COUNTY OF DADE.

"Personally appeared before me, Chas. A. Morehead, County Solicitor for Dade County, Florida, who, being first duly sworn, says that the allegations as set forth in the fore-going Information are based upon facts that have been

sworn to as true, and which, if true, would constitute the offense therein charged.

"CHAS. A. MOREHEAD,.

"County Solicitor, Dade County, Florida.

"Sworn to and subscribed before me this 28th day of July, A. D. 1932.

"A. D. KILLIAN,

"Deputy Clerk of the Criminal Court of Record, Dade County, Florida.

"(SEAL OF THE CRIMINAL COURT OF RECORD OF DADE COUNTY—STATE OF FLORIDA.)"

When arraigned the defendant filed the following plea in abatement:

"Comes now the defendant, Leo Marks, by his attorneys, and, having heard the information herein read, defends himself against the said information; and says that the State of Florida ought not further to prosecute the said information against him, and that he ought not to be further held to answer the said information for the following reason: That the said information was not filed by the County Solicitor of Dade County, State of Florida, under oath, as required by law, for that the said County Solicitor did not personally appear before any person qualified to administer oaths and swear that the allegations as set forth in the said information are based upon facts that have been sworn to as true and which, if true, would constitute the offense in the said information charged.

"And this the defendant is ready to verify by competent proof. Wherefore, the defendant prays the judgment of the Court whether he shall be called further to answer the said information; and defendant prays that the said information be abated and held for naught and that he be permitted to go hence without day."

.The Judge of the Criminal Court thereupon entered the following order, which is made the basis of one of the assignments of error:

"THIS CAUSE having come on to be heard upon the plea in abatement this day filed by the defendant to the information herein; and the court having duly considered the matter and being fully advised in the premises:

"It is Ordered and Adjudged that the said plea be, and it is, overruled and denied.

"Done and Ordered in open Court this 29 day of September, A. D. 1932.

"E. C. COLLINS,<br>
:. "Judge.

Where a plea in abatement is defective in matters of substance, it should be attacked by the State through a demurrer to the plea, while if it is untrue in fact issue should be joined on the plea by means of a replication. It is error for a court to summarily order and adjudge that a plea in abatement be overruled and denied where there has been no demurrer interposed thereto questioning its legal sufficiency as a matter of law, even though the plea may in law be insufficient to withstand a demurrer properly interposed. See Livingston v. State, 108 Fla. 193, 145 Sou. Rep. 761 (4th. headnote).

In the present case the plea in abatement should, in addition to the allegations set forth therein, have embraced further allegations directly attacking the authenticity of the jurat which was appended to the information. Such jurat imports absolute verity so long as it stands unimpeached as part of the judicial record of the cause and cannot be averred against by merely alleging that the County Solicitor did not do the things that the jurat by its recitals attributes to him. To warrant an abatement of an informa-

tion on the ground that it was not sworn to by the County
Solicitor in cases where a jurat is attached to the informa-
tion properly reciting that it was sworn to, the defendant
must aver facts tending to show that the jurat attached to
the information is false and fraudulent and therefore should
be held for naught because falsely and fraudulently made.

Other errors assigned in the present cause relate to the
denial of peremptory challenges of jurors on the ground
that such jurors had served during a previous week of the
same term of Court.

Section 8300 C. G. L., 6006 R. G. S., provides that in
Criminal Courts of Record the law regulating the drawing,
summoning and empanelling of jurors in the Circuit Court
shall obtain, etc. Section 4455 C. G. L., 2777 R. G. S.,
provides that on the opening day of term of the Circuit
Court it shall be the duty of the Judge to draw the names
of those who shall serve as petit jurors for the first week
of the term. Section 4457 C. G. L., 2779 R. G. S., pro-
vides that where the Circuit Court is continued and held
for more than one week the Judge thereof may each week
draw the names of eighteen persons to serve as petit jurors
for the succeeding weeks so long as the said Court shall
remain in session. This section also provides that the judge
shall have power to hold any juror over beyond the end of
the week for which he was drawn if such juror is engaged
in the trial of a case in which no verdict has been rendered.

Our construction of the several sections of our statutes
relating to the drawing of jurors for petit jury service dur-
ing a certain week is that the Judge of the Court has no
power to hold any juror over beyond the end of the week
for which he was drawn unless such juror is engaged in
the trial of a case in which no verdict has been rendered.
This is necessarily implied from the statute which affirma-
tively provides that a juror may be held over beyond the

week if he is engaged in the trial of a case in which no verdict has been rendered.

Reversible error having been sufficiently made to appear in the rulings relating to the plea in abatement to the information and in the challenges to petit jurors which were overruled, the judgment to which this writ of error was taken should be reversed and the cause remanded to the Criminal Court of Record for appropriate proceedings not inconsistent with this opinion.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.