O. B. White v. State.

171 So. 809.

Division B.

Opinion Filed January 7, 1937.

J. Walter Kehoe, Jr., J. F. Gordon, W. W. Colson, Jr., and Vincent C. Giblin, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell and John L. Graham, Assistant Attorneys General, for the State.

Terrell, J.—July 18, 1933, the county solicitor of Dade County filed an information in the Criminal Court of Rec-

ord charging O. B. White with assaulting Shannon Cormack with a deadly weapon (a pistol) with intent to commit murder in the first degree. White was arraigned and interposed pleas in abatement to the information which were overruled. A trial resulted in verdict of guilty and a sentence to serve seven years in the State penitentiary. A new trial and motion in arrest of judgment were overruled and writ of error prosecuted to this Court.

The information was appropriately moved against. The plea in abatement in substance alleged that H. S. Willoughby made an affidavit before Clement L. Theed as Justice of the Peace of the Third Justice District of Dade County that O. B. White did on the 27th day of June, 1935, unlawfully make an assault in and upon one Shannon Cormack with a deadly weapon, to-wit, a thirty-eight caliber revolver, with intent to kill the said Shannon Cormack, that upon the making of said affidavit a warrant was issued and the said White was arrested and brought before the said Justice of the Peace who after investigation bound him (White) over for appearance at the next term of court, that at the time of the commission of the alleged offense and the issuance of the said warrant White was not within the Third Justice of the Peace District of Dade County, but was in the First Justice of the Peace District of said county, and that if any crime was committed it was in the First Justice of the Peace District.

The plea in abatement further alleges that the information sworn to as true is in fact false and untrue for the reason that the allegations as set forth therein are based solely and exclusively on the testimony given by witnesses at the preliminary examination of White in the presence of the Justice of the Peace of the Third Justice of the Peace District of Dade County and in the presence of the county

solicitor and no other person and no other sworn facts whatever supported it. An oral demurrer to the plea in abatement was interposed and sustained. The demurrer admitted the allegations of the plea.

It is contended by the plaintiff in error that under Section 5976, Revised General Statutes of 1920, Section 8257, Compiled General Laws of 1927, the information was fatally defective in that under the allegations contained therein it was not based on "facts that have been duly sworn to as true." This challenge of course rests on the allegations in the plea in abatement, the truth of which is admitted.

A Justice of the Peace under the law of this State is limited in the exercise of his jurisdiction to matters that take place within his district. Section 8319, Compiled General Laws of 1927. This rule is subject to the limitation that if there is ground to apprehend the escape of an offender any Justice of the Peace may issue a warrant for his arrest. In the case at bar there is no showing of the latter contingency and the plea in abatement negatives it.

In his preliminary examination White was charged with an offense alleged to have been committed in the Third Justice of the Peace District of Dade County, but which if actually committed is shown to have been committed in the First Justice of the Peace District of said County. The proceeding was, therefore, without authority and the information being based solely on the testimony of witnesses summoned in an unauthorized proceeding was not in reference to an offense committed against the laws of the State within his district. Campbell v. State, 92 Fla. 775, 109 So. 809; State, *ex rel.* Stewart, v. Coleman, 122 Fla. 368 Fla. 368, 165 So. 272.

The affidavit on which the information was grounded was

·not such as would support a prosecution for perjury and this seems to be the test. It was voluntary or extrajudicial and was consequently devoid of legal fiat. The witnesses were not brought before the solicitor by the process of his court and being so he had no authority to administer an oath to them. Collins v. State, 33 Fla. 446; Wilds v. State, 79 Fla. 575, 84 So. 664; Campbell v. State, *supra;* United States v. Curtis, 107 U. S. 671, 2 Sup. Ct. Rep. 507, 27 L. Ed. 534; Crockett v. Cassels, 95 Fla. 852, 116 So. 865; Milligan v. State, 103 Fla. 295, 137 So. 388.'

The judgment below is accordingly reversed.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

DAVIS, J. (concurring).—An information charging a felony in a criminal prosecution is in every respect a substitute for the process of indictment by a grand jury, the right to which is guaranteed by the 10th Section of the Bill of Rights of the Florida Constitution, except in those cases wherein criminal informations are permitted to be filed by prosecuting officers in lieu of indictments by Grand Juries.

In granting to prosecuting officers the right to file informations in felony prosecutions, it was contemplated that such prosecuting officers proceed in the matter of investigating the basis for such informations, in exactly the same manner as a Grand Jury, that is to say, by having the witnesses to the offense personally summoned before the Prosecuting officer and there put under oath to testify as to the facts of the alleged crime, and be subject to prosecution for perjury should the testimony given before the prosecuting officer be falsely given.

County Solicitors and other prosecuting officers authorized to file felony informations act judicially with respect to the subject matter of their investigations preliminary to the act of preparing and filing in court the formal accusation that is evidenced by an information, and therefore a criminal information is as much subject to abatement as an indictment, when it is alleged and shown by appropriate plea, that it was unlawfully arrived at by a procedure not countenanced by the criminal law.

Nothing is more important to the happiness and security of the people than that prosecuting officers be held to a strict compliance with those requirements that have been designed to prevent the institution of criminal prosecutions without "probable cause" adduced before such officers in the form of *sworn testimony of the accusing witnesses,* absent which no prosecutor has the constitutional right to subject the citizen to arrest and prosecution for a felony that anciently could only be brought to trial by the concurrent judgment of twelve members of a common law grand jury finding the existence of the probable cause that is now left to the decision of what is nothing more nor less than a "one man" Grand Jury consisting of the person of the Prosecuting Attorney or County Solicitor, as the case may be.

The procedure had in this case, assuming the plea in abatement to be true, does not conform to the requirements of law, therefore the court erred in denying the plea.

BROWN, J., concurs.