ROBERT B. HADDOCK v. STATE.
192 So. 802
Division B
Opinion Filed December 19, 1939
Rehearing Denied January 16, 1940

134

*W. D. Bell,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Plaintiff in error, Robert B. Haddock, was informed against by the County Solicitor of Polk County, Florida, on the 18th day of January, 1936, in the Criminal Court of Record of said county for the unlawful killing of Guy Harvard Haynes, Jr, on July 2, 1934. The defendant upon arraignment, filed or entered a plea of not guilty and was placed upon trial and was by a jury of Polk County convicted on October 14, 1938, of murder in the second degree. A motion for a new trial and other motions were made and overruled and the defendant was by the trial court sentenced to serve a period of twenty years at hard labor in the State prison for said offense.

From this judgment of conviction writ of error was sued out, the record perfected and the case is here for review on eighty-six distinct assignments of error in the briefs presented or argued under nine separate questions. This case is here on the third writ of error. The case at bar is reported the first times in 121 Fla. 167, 163 So. 482; 129 Fla. 701, 176 So. 782.

When the case was reversed by this Court and a mandate sent down, counsel for the defendant applied to the trial court for leave and authority to withdraw the plea of not guilty then appearing of record and to file in lieu thereof such other motions and pleadings as counsel desired. The trial court on December 29, 1937, granted the motion and allowed the withdrawal of the plea of not guilty which was immediately done and counsel for defendant filed a plea in abatement, viz. :

"COMES now the deefndant, Robert B. Haddock, by and through his undersigned attorney, after the withdrawal of his plea of not guilty to the information in accordance with the order of court heretofore entered in said cause allowing him to withdraw his said plea, and file this his plea in abatement of the information filed against him in said cause charging defendant with murder in the second degree, and says :

"1st. The Criminal Court of Record of Polk County, Florida, has no jurisdiction to try this defendant on the said information.

"2nd. The information was filed by the Solicitor of the Criminal Court of Record prior to the transfer of said cause from the Circuit Court of Polk County, Florida, to the Criminal Court of Record.

"3rd. It affirmatively appears from the record in this cause that the defendant had been indicted by the Grand Jury of the Tenth Judicial Circuit of Polk County, Florida, for murder in the first degree, and was tried and convicted in the said Circuit Court of Polk County, Florida, for murder in the second degree, which conviction and judgment has been reversed upon appeal, and the mandate of the Supreme Court of the State of Florida has been returned and filed in said court; and that on the 8th day of January, 1936, Manuel M. Glover, the County Solicitor prosecuting

in the Criminal Court of Record of Polk County, Florida, filed the information in this cause charging this defendant with murder in the second degree long before the jurisdiction of said cause was legally transferred to the Criminal Court of Record by the Circuit Court of said County, to-wit: On February 6, 1936.

"4th. The said information is not based on any sworn testimony legally taken before the Solicitor of the Criminal Court of Record of Polk County, Florida.

"5th. That no witness or witnesses were summoned by any legal process for the purpose of testifying before the County Solicitor, Manuel M. Glover, Prosecuting Attorney for the Criminal Court of Record for Polk County, Florida, upon which to base the charge set forth in the information in this cause.

"6th. The facts charged in the said information were based on the indictment and not upon any sworn testimony lawfully brought before the Solicitor of the Criminal Court of Record.

7th. That the information sworn to as true is in fact false and untrue for the reason that the allegations set forth therein are based solely and exclusively upon information from sources other than the sworn testimony of any person or other sworn facts whatever to support it."

A demurrer was filed by the County Solicitor of Polk County, Florida, to the plea in abatement, *supra,* questioning the legal sufficiency of the plea on the grounds, among others, viz.: (a) The facts alleged in the plea are legally insufficient; (b) the plea negatives the fact that testimony was not before the county solicitor when the information was prepared; (c) the defendant waived and was estopped as a matter of law from raising the legal sufficiency of the information; (d) facts appearing in the plea show that the information was based on the same sworn testimony as was

before the grand jury when the indictment for first degree murder was filed; (e) the plea states the conclusions of the pleader.

The lower court sustained the demurrer and this ruling is assigned as error in this Court. It is discretionary with the trial court in allowing the withdrawal of a plea of not guilty in a criminal case and allowing the filing of a plea in abatement. See Benton v. State, 95 Fla. 919, 117 So. 378; Mercer v. State, 83 Fla. 555, 92 So. 535.

The demurrer to a plea in abatement in a criminal case admits as true the allegations of fact appearing in the plea. See Wilson v. State, 134 Fla. 390, 184 So. 31. Pleas in abatement must be certain (to a certain intent) in every particular. They must leave nothing to be supplied by intendment and no supposable special answer unobviated. See Cannon v. State, 62 Fla. 20, 57 So. 240; Taylor v. State, 49 Fla. 69, 38 So. 380; Oglesby v. State, 83 Fla. 132, 90 So. 825; Marks v. State, 115 Fla. 497, 155 So. 727. It is possible that the lower court's ruling on the demurrer could by this court be sustained because of the uncertainty of many of the allegations of fact appearing in the plea, but we shall go further into the merits of the plea. The case of White v. State, 126 Fla. 760, 171 So. 809; is relied upon by counsel for plaintiff in error.

The plea here shows that plaintiff in error was indicted by a grand jury on a charge of murder in the first degree and was convicted of the crime of murder in the second degree and on writ of error to this Court a new trial was awarded. It is not clear *when* the mandate from this Court was filed in the Circuit Court of Polk County, Florida, but on the joint motion of the State Atorney and attorney for plaintiff in error the circuit court, on February 6, 1936, entered an order transferring the cause from the circuit court to the Criminal Court of Record of Polk County for

trial as provided for by Sections 4349 to 4352, C G. L. The date of filing the joint motion by counsel for the State and defendant does not appear by the record Neither is it shown what papers were transferred in connection with the case at bar under the order dated February 6, 1936.

The plea submits the issue that no credible testimony was before the County Solicitor of Polk County, Florida, on January 18, 1936, the date the information was filed in the Criminal Court of Record against plaintiff in error. It is possible that the joint motion for the transfer was with the circuit judge on this date, but nothing definite appears to establish this fact It is beyond dispute that the indictment against plaintiff in eror for murder in the first degree, possibly the bill of exceptions, and other miscellaneous papers were in the Clerk's office of Polk County. It is possible that the testimony taken before the coroner's jury was on file after the reversal of the case by this Court and the law required the case to be tried in the Criminal Court of Record of Polk County and the county solicitor had access to these court files when preparing the information. The fact that the order of transfer is dated February 6, 1936, and the information was filed by the county solicitor on January 18, 1936, is not a sufficient foundation to support the claim that there was not sufficient testimony before the county solicitor upon which to base the information. The plaintiff had knowledge of all these facts and went to trial, was convicted, and for the second time a new trial was awarded by this Court. We think plaintiff in error waived his rights to insist on the defense submitted by the plea in abatement and cannot now be heard after a prior conviction and a reversal thereof by this Court.

Counsel for plaintiff in error filed in the lower court, under Section 4341 C. G. L. a motion and supporting affi-davits seeking the disqualification of the trial judge, Hon-

orable Robert T. Dewell. We do not think it necessary to set out the supporting affidavits required by the statute, but the motion is, viz.:

"Now comes the defendant, Robert B. Haddock, in his own proper person and upon oath says that he fears he will not receive a fair trial in the court where the above named cause is pending on account of the prejudice of Honorable Robert T. Dewell the judge of said court, against him, and that the facts and reasons for his belief that such bias or prejudice exists are as follows:

"During the last trial of said cause at which Honorable Robert T. Dewell presided, after the jury had retired to consider the verdict, the said judge invited some of the relatives of the deceased within the chancel rail of said court and exhibited to them unusual courtesy, which courtesies were not extended by said judge to any of the relatives or witnesses for defendant; then the jury returned their verdict it was about twenty minutes past midnight of the last day of the trial. They were asked by the said judge if they had reached a verdict and upon informing him that they had reached a verdict the said judge took the verdict and examined it and returned it to the jury and instructed them that they should return to their jury room and correct the date of the same to conform to the date upon which it was rendered; and after they had retired to their room for such correction, the said judge, with a broad smile and facial expression which plainly exhibited his satisfaction with the said verdict held up two fingers directed to the relatives of the deceased, apparently indicating what the verdict was, that is to say that it was a verdict for murder in the second degree; and throughout the said proceedings, the said judge appeared to be adverse to the defendant. When he charged the jury, and near the conclusion of his charge, he apparently

discredited witnesses for the defendant by giving the following charge to the jury:

" 'However, gentlemen, the court of its own motion further charges you that the mere statement made to the defendant, that Guy Harvard Haynes, Jr., has committed a felony upon the daughter of defendant, does not establish that a felony had been committed; it is a question of fact for you to determine from the evidence whether or not a felony has been committed by Guy Harvard Haynes.'

"Defendant avers that the reason that he has not filed this affidavit and motion prior to this term of court was by reason of the fact that the statute requires the affidavit of two supporting witnesses and he has not prior to this term of court been able to find two witnesses who recalled the matters and things hereinbefore stated; that he has filed it as early as he could after being able to comply with the statutory requirements; and that he has attached hereto the suporting affidavits of two reputable citizens.

"The premises considered, defendant avers that he sincerely and honestly believes that said judge is prejudiced against him; wherefore he prays the said judge to enter an order of his disqualification to try said cause."

Counsel for plaintiff in error cites Dickenson v. Parks, 104 Fla. 577, 140 So. 459; Suarez v. State, 95 Fla. 42, 115 So. 519. We have given these authorities careful consideration. The language of the motion, viz.: "* * * The judge invited some of the relatives of the deceased inside the chancel rail while the jury was deliberating and exhibited to them unusual courtesies which were not extended to the defendant, his relatives or witnesses * * *· when the jury returned to the box the judge examined their verdict and directed that the jury retire and correct an error appearing therein * * * after the jury retired, the judge, with a broad smile and facial expression * * * which showed his satis-

faction with the verdict and held up two fingers which indicated the verdict was murder in the second degree," is insufficient to support the allegations of prejudice. These and other allegations are set up and supported by affidavits to show prejudice of the trial judge.

The charges of prejudice are based on the personal conduct of the trial judge at a time when the jury was deliberating upon its verdict. We cannot infer that the trial court discriminated in his amenities as against the defendant, his relatives or witnesses. If he did the motion should have set up the different acts, conduct or demeanor on the part of the trial court against them so that this Court could determine whether or not the same were the conclusions of the pleader. A court has been defined as a place where justice is judicially administered. The authority conferred on courts is well founded and established by law. The law requires courts to determine questions properly presented. The law in some instances grants a court discretion in following the course prescribed by law. The trial court has consumed some time in the trial of the case and late at night was awaiting the return of the jury with its verdict. It is during this period that the acts of partiality and prejudice of the trial court is alleged to have occurred. We have carefully analyzed these charges and find at most they consist of the opinions and conclusions of the movants. We do not think this motion meets the requirements of the statute, *supra.*

It is next contended that the lower court erred in sustaining a motion to strike on the part of the State directed to the first and second additional pleas of the defendant filed June 23, 1938. The first plea alleged that it was the duty of the County Solicitor of Polk County, prior to January 18, 1936, to issue process and bring witnesses before him who would give testimony under oath and from the facts so testified to that the county solicitor determine whether or

not plaintiff in error was guilty of a crime for which he should be informed against and that the county solicitor failed so to do, and had no testimony before him as to the guilt of the plaintiff in error on January 18, 1936, when the information was filed in the criminal court of record.

The plea further alleged that defendant was indicted in the Circuit Court of Polk County on the charge of first degree murder and was convicted of murder in the second degree and on writ of error to the Supreme Court the judgment was reversed and a new trial awarded; that a mandate was filed in the Circuit Court of Polk County, Florida, and a transfer of the cause by an order of the Circuit Court on February 6, 1936, was made to the Criminal Court of Record; that an information was filed by the county solicitor on January 18, 1936, and for these reasons the information is void *ab initio*.

The State Attorney and former counsel for plaintiff in error filed a joint motion for an order transferring the case from the circuit court to the criminal court of record. The plaintiff in error, on arraignment entered a plea of not guilty to the information and a trial was had, when the plaintiff in error was convicted of the charge of murder in the second degree and took writ of error, and a new trial was awarded by this Court. When the mandate went down, there was a change of counsel for plaintiff in error and the former plea of not guilty was withdrawn by consent of the court and these and other pleas filed. It appears that the plaintiff in error should not be estopped and not heard on the defects of the information, if any, after defending himself in the lower court and obtaining a reversal here and with a presumed knowledge of the alleged defects in the information, which were never asserted by plea or pleas until forced into the third trial and after a change of counsel. The jurisdiction of the case was in the Criminal Court of Record

of Polk County when the mandate from this Court was sent down and there was ample testimony to sustain the action of the county solicitor in filing the information on January 18, 1936. The power or authority so to do was vested in the prosecuting officer at any time after the mandate was filed in the Circuit Court of Polk County, Florida.

This Court has had before it on a former appeal the legal sufficiency of the information, and in Haddock v. State, 129 Fla. 701, 176 So. 728, disposed of the contention of counsel for plaintiff in error, viz.:

"The record shows that the Circuit Court by an order dated February 6, 1936, upon the joint motion of counsel for defendant and the State Attorney ordered a transfer of this cause to the Criminal Court of Record. The information was filed in the Criminal Court of Record on January 18, 1936, by the County Solicitor of Polk County, Florida. The information in the Criminal Court of Record had been pending there from January 18th to the date of the order of transfer as entered by the Circuit Court on February 6, 1936. Counsel for the defendant, according to the record, joined with the State Attorney requesting the entry of the order. The same attorney joining in this requested order appeared as counsel for the defendant in the Criminal Court of Record and likewise has prosecuted the appeal here. The record fails to disclose an arraignment of the defendant or a filing of a plea thereto but the lower court in its charges to the jury recited the fact that the defendant filed a plea of not guilty to the information. The condition of the record was well known to counsel for the defendant at the time of going to trial. He had ample authority to raise this question by plea in abatement. The Criminal Court of Record of Polk County, Florida, acquired jurisdiction of the case upon filing of the information on January 18, 1936. See: Section 28 of Article V of the Constitution of Florida;

also State *ex rel.* Buckheitt v. Butt, 25 Fla. 258, 5 Sou. 594. After the defendant and counsel appeared in the Criminal Court of Record and participated in each step of the trial until a verdict was filed by the jury on February 22, 1936, with a complete and full knowledge of the entry of the order of the Circuit Court on February 6, 1936, and thereafter by motion in arrest of judgment, contention that the Criminal Court of Record was without jurisdiction comes too late. We think this defense should have been presented by plea in abatement by the defendant and his counsel prior to filing a plea of not guilty and for this reason such error, if any, was waived by defendant by proceeding with the trial of the cause. See Hicks v. State, 97 Fla. 199, 120 Sou. Rep. 330; Colson v. State, 51 Fla. 19, text p. 35, 40 Sou. 183."

It is well settled that points adjudicated by an appellate court upon writs of error or on appeal become the law of the case and are no longer open for discussion or consideration. See Harper Piano Co. v. Seaboard Air Line Ry., 65 Fla. 490, 62 So. 482; Commercial Bank v. First Nat. Bank, 80 Fla. 685, 87 So. 315; Utley v. City of St. Petersburg, 121 Fla. 268, 163 So. 523; McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323.

Counsel for plaintiff in error by plea to the jurisdiction, contends that Chapter 9356, Laws of Florida, Acts of 1923, and amendments, being an Act to establish the Criminal Court of Record of Polk County, Florida, is unconstitutional and void because it violates Sections 20 and 24 of Article V and Sections 16 and 20 of Article III of the Constitution of Florida. We have examined this assignment in light of authorities cited but we are unable to follow the reasoning advanced for holding void the act and subsequent amendments creating the Criminal Court of Record of Polk County, Florida.

In passing upon the constitutionality of an Act by this Court, the law seems to be well settled that, no matter from what standpoint the assault thereon is made, it is a cardinal or fundamental rule that nothing but a clear violation of the Constitution will justify the Court in overruling legislative will, and where there is a reasonable doubt as to the constitutionality of an Act, it is the duty of this Court to resolve the doubt in favor of the Act and sustain its constitutionality. See State v. Carley, 89 Fla. 361, 104 So. 577; State v. Bryan, 50 Fla. 293, 39 So. 929. When a law is enacted by the Legislature, it will be presumed that a valid constitutional enactment was intended. See Hiers v. Mitchell, 95 Fla. 345, 116 So. 81; State v. Goodgame, 91 Fla. 871, 108 So. 836, 47 A. L. R. 118.

Defendant below made application under Sections 4336 and 4337 C. G. L. for a change of venue. The motion was filed under oath and recited that the defendant feared he could not receive a fair trial in Polk County, Florida, on account of defendant being so odious to the inhabitants thereof; that the newspapers of the county had given considerable publicity to the defendant and adverse editorial comments appeared and the defendant's case was an issue in a primary election in Polk County between Honorable D. O. Rogers and Honorable Robert T. Dewell when they opposed each other for the judgeship of the Criminal Court of Record; that the issues of the campaign were presented through the newspapers and over the radio by broadcasts and great publicity was given the case at bar; the Honorable D. O. Rogers had represented plaintiff in error in the criminal charge then before the court; a number of affidavits were attached and made a part of the motion for a change of venue; witnesses were adduced and testimony offered in open court in support of the motion, and newspaper clippings about the Haddock case were offered

It is well settled law in Florida that an application for a change of venue is addressed to the sound discretion of the court, and its rulings refusing the change will not be disturbed unless it appears from the facts presented that the court acted unfairly and was guilty of a palpable abuse of discretion. The decisions of this Court hold that an application for change of venue is addressed largely to the discretion of the trial courts. See Hysler v. State, 132 Fla. 209, 181 So. 354; Jeffcoat v. State, 103 Fla. 466, 138 So. 385; Folks v. State, 85 Fla. 238, 95 So. 619; Pennington v. State, 91 Fla. 446, 107 So. 331; Chisholm v. State, 74 Fla. 50, 76 So. 329; Robertson v. State, 64 Fla. 437, 60 So. 118; Singleton v. State, 38 Fla. 297, 21 So. 21, 34 L. R. A. 251, 56 Am. St. Rep. 177; Adams v. State, 28 Fla. 511, 10 So. 106.

The record shows that a number of jurors were summoned and on the 10th day of October, 1938, the task of selecting a jury to try the defendant was begun. The work of selecting a jury was continued by counsel for the respective parties until 4:00 o'clock P. M., October 10, 1938, at which time counsel for the State and the defendant announced in open court the selection and acceptance of A. J. Turner, C. C. Gee, A. C. Alderman, J. Frank Angle, Jr., Oliver Hurst and Lonnie Anderson, and these jurors were sworn to try the issue. It is fundamental that an accused has the right to a speedy and public trial by an impartial jury in the county where the crime was committed. See Hewitt v. State, 4 Fla. 194, 30 So. 795; O'Berry v. State, 47 Fla. 75, 36 So. 440.

It is shown by the transcript that 116 jurors were summoned for jury duty and fifty of this number were to serve as jurors in the circuit court while the remaining sixty-six were to serve as jurors in the criminal court of record and a jury was to be obtained from this number to try the

Haddock case. The record shows that a jury was obtained acceptable to counsel for the respective parties within a few hours. We fail to find merit in the motion for a change of venue based on the ground that the defendant in the court below feared he could not obtain a fair and impartial trial because of inflamed public sentiment in the county against him. See Chisholm v. State, 74 Fla. 50, 76 So. 329.

The record shows that the defendant, after the State had rested its case, moved the court for a directed verdict because the State had failed to establish by competent evidence the material allegations of the information. The lower court denied the motion and this adverse ruling is assigned as eror in this Court. We have carefully considered the evidence before the court when the ruling was made and hold that there was ample testimony adduced to sustain the ruling of the lower court.

The order of the lower court overruling and denying the motion for a new trial made on the part of the defendant below is assigned as error. The motion contains some 15 grounds and has been carefully considered. The guiding principle for an appellate court is not what it may think the jury ought to have done or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict upon the evidence. If this question can be answered in the affirmative, the action of the trial court in denying a motion for a new trial should not be disturbed. Where there is evidence from which all the essential elements of the crime may legally have found, and it does not appear that the jury was influenced by considerations other than the evidence, the order of the trial court refusing to grant a new trial on account of the insufficiency of the evidence, or because the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable

presumptions for the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust. Pickeron v. State, 94 Fla. 268, 113 So. 707. See Bullars v. State, 95 Fla. 997, 117 So. 381.·

The record shows a number of assignments based on the admission or rejection of testimony during the progress of the trial. We have considered this testimony in the light of other testimony developed when the case was being tried. It is possible that technical error occurred on some of the adverse rulings assigned as error. We do not think, however, that reversible error has been made to appear, and there is a presumption of the correctness of the trial court. See Britt v. State, 88 Fla. 482, 102 So. 761; State v. Merritt, 86 Fla. 164, 99 So. 230.

It is next contended that the lower court erred in charging or instructing the jury when the several charges numbered 64 to 84, inclusive, were given. We have considered each of these charges or instructions in the light of the entire charge given and fail to find error. The rule to be applied by this Court in determining whether or not certain instructions given was error is, the instructions should be considered as a whole, and, if as a whole, they are free from error, an assignment predicated on isolated paragraphs, or portions, standing alone, might be misleading or erroneous, must fail. When passing on a single instruction it should be considered in the light of all other instructions and when so considered, the law appears to be fairly presented to the jury, an assignment of error based thereon must fail. Butler v. State, 94 Fla. 163, 113 So. 699; Powell v. State, 93 Fla. 756, 112 So. 608.

The evidence shows that the deceased was a 17-year-old boy, weighing about 112 to 130 pounds and had attended the public schools of Lakeland. There is some evidence

to the effect that he had been in the defendant's home shortly prior to the shooting and ostensibly was there to see one of the defendant's daughters. The defendant was indicted and tried for murder in the first degree and was convicted of second degree murder. It is true that a person has a lawful right to protect his home and his children of tender years, but this right does not imply that he may kill on the slightest imaginary provocation. On the first trial the jury reduced the offense from murder in the first degree to second degree, and two juries sitting upon the case have since rendered verdicts in the second degree.

We have studied carefully the record in this case, examined the briefs and authorities cited, and have heard able arguments at the bar of this Court by counsel for the parties and fail to find reversible error.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

BUFORD, J., concurs specially.

BROWN and THOMAS, J. J., concur specially with BUFORD, J.

Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J. (concurring specially).—In the main, I concur with views expressed in the majority opinion but I cannot subscribe to the view that the plaintiff in error is estopped to be heard on the merits of a plea in abatement which was filed pursuant to permission granted by the court to withdraw the plea of not guilty and file plea in abatement, although such proceedings were had after a trial had been had on the information, which trial resulted in conviction and which judgment of conviction had been reversed by the Supreme Court.

It is my view that when the judgment of conviction was reversed and the cause remanded the case then stood in the criminal court of record in the same status as if no trial had been had on the information.

Entertaining this view, it appears clear to me that when the accused procured the consent of the trial court to withdraw his plea of not guilty and to file a plea in abatement, he was within his rights to attack the information by such plea. A demurrer to the plea or pleas, in abatement put in issue the legal sufficiency of the plea or pleas.

It appears from the record that the view above stated was that which was entertained by the trial court and the trial court considered the pleas and sustained the demurrers thereto.

It is not necessary to set out here the pleas in *haec verba* but it is sufficient to say that the allegations are not sufficient to show that the information was not based upon facts that had been sworn to as true and which, if true, would constitute the offense therein charged so that it failed to comply with the provisions of Section 28, Article V, of the Constitution, Section 5976 R. G. S., 8257 C. G. L.

The record shows that the accused had been indicted by a grand jury for the offense of murder in the first degree; that under that indictment he had been convicted of the offense of murder in the second degree; that the judgment of conviction had been reversed by the Supreme Court of Florida; that when this occurred the defendant stood charged with the offense of murder in the second degree and was subject to be tried for that offense but not for murder in the first degree as the conviction of murder in the second degree on the indictment charging murder in the first degree had been equivalent to an acquittal of murder in the first degree.

The plea in abatement does not allege that sufficient facts

were not shown to be as true by witnesses duly summonsed before a grand jury to show the defendant guilty of murder in the second degree. Nor are the allegations sufficient to show that the information was not based upon facts before sworn to as true in a court of competent jurisdiction when the defendant was on trial charged with murder in the first degree in the Circuit Court of Polk County.

In the case of White v. State, 126 Fla. 760, 171 Sou. 809, the information was held bad because it was shown that it was based upon testimony adduced before a justice of the peace who was without jurisdiction in the matter under investigation. That infirmity is not shown to exist by the pleas in the instant case.

It, therefore, follows that the pleas in abatement were insufficient in law and the demurrers were properly sustained.

BROWN and THOMAS, J. J., concur.