**ANGIE MICHAEL CAINGETTI, alias A. M. PHILLIPS, v L. F. CHAPMAN, as Superintendent of State Prison Farm at Raiford, Florida.**

6 So. (2nd) 380 En Banc
February 26, 1942 Rehearing Denied March 2, 1942

598.

W. W. Judge and H. B. Hodgden, for petitioner.

J. Tom Watson, Attorney General, and Millard B. Conklin, Assistant Attorney General, for respondent.

BUFORD, J.:

On petition for writ of habeas corpus we have examined the record in the case of Angie Michael Caingetti v. State of Florida in which our opinion and judgment was rendered on May 20, 1941. See 141 Fla. 147, 2 Sou. (2nd) 368.

In the petition for writ of habeas corpus, petitioner challenges the validity of the verdict rendered against him on the trial which we received in the opinion and judgment, supra. The verdict reads:

"We, the jury, find the defendant guilty as charged. So say we all."

It is contended that the verdict is insufficient because it did not specifically state the degree of unlawful homicide of which petitioner was found guilty, as required by Section 5038 R.G.S., 7140 C.G.L.

Prior to the enactment of the Criminal Procedure Act of 1939, we were bound by the provisions of Section 5038 R.G.S., 7140 C.G.L., but Section 229 and Section 147 of the Criminal Procedure Act superseded the former Act and is in this language:

"Section 229. Determination of Degree of Offense. —If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment

or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lessor degree. The court shall in all such cases charge the jury as to the degrees of the offense."

The record shows that following the rule prescribed in the Criminal Procedure Act, supra, the trial judge instructed the jury as follows:

"The defendant in this case stands charged under an indictment which was presented by the Grand Jurors of the State of Florida, empaneled and sworn to inquire and true presentment make, in and for the body of the County of Volusia, and filed on the 12th day of April, 1940, in this Court. The indictment is as follows:

" 'In the Circuit Court for the Seventh Judicial Circuit of the State of Florida in and for Volusia County, in the year of our Lord one thousand nine hundred and forty.

"The State of Florida

vs. Indictment

"Angie Michael Caingetti, Murder in First Degree alias A. M. Phillips

"In the Name and by the Authority of the State of Florida:

"The Grand Jurors of the State of Florida, empaneled and sworn to inquire and true presentment make, in and for the body of the county of Volusia, upon their oaths do present, that Angie Michael Caingetti, alias A. M. Phillips of the County of Volusia and State of Florida, on the 18th day of January, in the year of our Lord one thousand nine hundred and forty, in the County and State aforesaid unlawfully,

and from a premeditated design to effect the death of Anna K. Henson, did kill the said Anna K. Henson, by striking her with a hammer, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida.

"Murray Sams
"State Attorney for the Seventh
"Judicial Circuit of Florida
"Prosecuting for said State.'

"And, Gentlemen, as you will see by the instructions following, every homicide is not unlawful, but there are certain classes of homicide that are lawful and are known in the law as 'justifiable' and 'excusable.' It is; therefore, the duty of the State before the Jury can convict to show by the evidence that the homicide in the particular trial is an unlawful homicide, and this fact must appear from the evidence to the exclusion of and beyond a reasonable doubt. If the jury have a reasonable doubt as to whether the homicide is lawful or not, then the benefit of such doubt must be given to the defendant and he be acquitted.

"The killing of a human being is either justifiable or excusable homicide or murder or manslaughter, according to the facts and circumstances in each case.

"A homicide is justifiable when committed by any person:

"(1) When resisting any attempt to murder such person, or to commit any felony upon him; or

"(2) When committed in the lawful defense of such person when there shall be a reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished; and

"(3) When necessarily committed in attempting by lawful ways and means to apprehend any person for any felony committed, or in lawfully suppressing any riot, or in lawfully keeping and preserving the peace.

"Homicide is excusable when committed by accident or misfortune in doing any lawful act by lawful means with the usual ordinary caution, and without any lawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner. Both justifiable and excusable homicide are lawful.

"The unlawful killing of a human being when perpetrated from a premeditated design to effect the death of the person killed or any human being, is murder in the first degree.

"The unlawful killing of a human being when perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree.

"The unlawful kiling of a human being when perpetrated by the act, procurement or culpable negligence of another in cases where such unlawful killing is not murder in one of its degrees, is manslaughter.

"The Court in the trial of this case has permitted the introduction of certain confessions. These should be acted upon by the jury with great caution in behalf of the defendant. You, Gentlemen of the Jury, are to determine the credence which shall be attached to the alleged confessions and every part thereof, and it is your duty to give such confessions a fair and

unprejudicial consideration. Each should be taken as a whole. And you should give effect to such parts as you believe to be true and reject from your consideration all that you find sufficient reason to reject.

"Gentlemen of the Jury, if you believe that the State has proved to the exclusion of and beyond a reasonable doubt that the defendant Angie Michael Caingetti, alias A. M. Phillips, on the 18th day of January, A. D. 1940, did, in the County of Volusia and State of Florida, unlawfully and from a premeditated design to effect the death of Anna K. Henson, kill the said Anna K. Henson by striking her with a hammer, it will be your duty to find the defendant guilty as charged.

"Now Gentlemen, premeditated design to effect the death of a particular individual is a necessary ingredient in murder in the first degree, and this premeditated design to effect death must appear from the evidence to the exclusion of and beyond a reasonable doubt, otherwise the defendant cannot be convicted of murder in the first degree. Premeditated design, to effect death as used in the statutes relating to homicide means an intent to kill formed before the act of killing and of which intent the killing is the result. There is no prescribed length of time necessary to constitute 'premeditation.' It is sufficient if there was a fully formed purpose to kill and enough time for thought for the mind of the defendant to have become fully conscious of the design to kill, formed before the act and that the act was the result of this design."

And further instructed the jury:

"If you find that the State has failed to prove to the exclusion of and beyond every reasonable doubt

that the defendant is guilty of murder in the first degree, or guilty of murder in the second degree, or guilty of manslaughter, it will be your duty to acquit the defendant and find him not guilty.

"If by unanimous agreement, you find the defendant guilty of murder in the first degree, as charged in the indictment, a majority of your number may, in your verdict, recommend him to mercy, which recommendation will have the effect of reducing the penalty of his offense from death to imprisonment for life; but any verdict as to his guilt or innocence must be unanimous, that is, it must be concurred in by each of you.

"If you find the defendant guilty as charged in the indictment, the form of your verdict will be: 'We, the jury, find the defendant guilty as charged. So say we all.'

"Should you wish to recommend mercy, to the form of your verdict, just prior to the words, 'So say we all,' you will add the words 'and recommend him to the mercy of the court.'

"If you find the defendant guilty of murder in the second degree, the form of your verdict will be: 'We, the jury, find the defendant guilty of murder in the second degree. So say we all.'

"If you find the defendant guilty of manslaughter, the form of your verdict will be: 'We, the jury, find the defendant guilty of manslaughter. So say we all.'

"If you acquit the defendant, the form of your verdict will be: 'We, the jury, find the defendant not guilty. So say we all.'

"In any event, the verdict must be concurred in by all.

"The Court has caused to be prepared for your convenience certain forms which apply to the various verdicts which you are authorized to find under the law, and you are at liberty to use any of these forms should it comply with the verdict which you find from the evidence, destroying all other verdicts and returning the verdict which you find into the Court."

It will be observed that the indictment charged every element necessary to constitute murder in the first degree and when, under the instructions supra, the Jury returned the verdict finding the defendant guilty as charged, that verdict was sufficient to support the judgment of guilty of murder in the first degree.

It, therefore, follows that petition for writ of habeas corpus must be denied.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, JJ., concur.