56 So.2d 129 (1952)
HANSON et al.
v.
STATE.
Supreme Court of Florida, en Banc.
January 4, 1952.
*130 Dayton, Dayton & Dayton, Larkin & Larkin, Dade City, and W.N. Burnside, Tampa, for appellants.
Richard W. Ervin, Atty. Gen., and Phillip Goldman and Leonard Pepper, Asst. Atty. Gen., for appellee.
JONES, Associate Justice.
I. Burton Hanson, his wife, Rachel Hanson and Charlie Johnson, appellants here and defendants below, were jointly informed against in the Court of Record, Pasco County, Florida, on November 5, 1948, charged with the crime of having in their possession certain implements and devices for conducting a lottery, commonly known as Night House, contrary to Sec. 849.09, Florida Statutes 1941, F.S.A.
Defendants filed motion to quash the information; motion for Bill of Particulars and pleas to jurisdiction of the Court, all of which were denied by the trial Judge.
Thereafter, the trial jury convicted each of the defendants as charged in the information and subsequently, after denying defendants' motions for new trial, the Court entered final judgment imposing an alternative sentence of a fine or confinement in the State Prison for two years in default of the payment of said fine.
The first of three questions presented for determination by this Court challenges the lawful creation of the Court of Record, Pasco County, and its jurisdiction to try the case at bar on the ground that the Legislative Act, Chapter 22837, Laws of *131 Florida, Acts of 1945, creating said Court is unconstitutional for various reasons; viz., (a) that the Act embraces more than one subject and matter properly connected therewith; (b) that it regulates the jurisdiction of a class of officers other than municipal officers and seeks to regulate practice in Courts of justice and regulate fees and compensation of certain State and County officers, and (c) that it seeks to circumvent provisions of Sec. 24, Article V, Constitution of Florida, F.S.A.
The contention of appellants in question one that the Act embraces more than one subject and matter properly connected therewith on the ground that the County Court of Pasco County was abolished by the Act that created the Court of Record of Pasco County and necessarily violates Sec. 16, art. III, of the Constitution, cannot be sustained when viewed in the light of Constitutional interpretation of plurality of subjects.
The purpose and intent of a legislative Act should be construed so as to fairly and liberally accomplish the beneficial purpose for which it was adopted and all intendments favored towards its validity rather than apply a rule of strictness which defeats and makes meaningless the fundamentals of Legislative power. 50 Am.Jur., Sec. 194-195, Haddock v. State, 141 Fla. 132, 192 So. 802.
It is obvious that the Legislature intended to vest exclusive jurisdiction in the Court of Record and destroy all concurrent jurisdiction over matters then in the jurisdiction of the County Court; therefore, the abolition of the County Court within the Legislative Act creating the Court of Record was incident to the intent and purpose of the Legislature, and cannot be considered as being subjects discordant and dissimilar in the sense of having no legitimate connection with or relation to each other. State ex rel. Landis v. Thompson, 120 Fla. 860, 163 So. 270, 50 Am.Jur. Sec. 197.
The second contention in question one is that the Act regulates the jurisdiction of a class of officers other than municipal officers and seeks to regulate practice in Courts of justice and regulate fees and compensation of certain State and County officers in violation of Sec. 20, art. III, of the Constitution. This may be readily answered in the negative without the necessity of elaboration here by referring to the numerous decisions of this Court relative to the foregoing contentions. See State ex rel. Landis v. Dickenson, 103 Fla. 907, 138 So. 376; State v. Sullivan, 95 Fla. 191, 116 So. 255; Haddock v. State, 141 Fla. 132, 192 So. 802; and others.
The third contention in question one that the Act violates Sec. 24, art. V, of the Constitution is without merit as this Court has ruled on many occasions that even a Criminal Court of Record may be created by the Legislature without first requiring * * * "application of a majority of the registered voters in such counties" * * * as same were Statutory Courts. In the instant case, the Legislature created the Court of Record of Pasco County having both civil and criminal jurisdiction and hence did not only fail to violate Sec. 24, art. V, of the Constitution but created a Court directly in conformity with Sec. 1, art. V, as amended, which gave the Legislature the authority to vest Judicial powers in * * * "such other Courts or Commissions as the Legislature may from time to time ordain and establish." * * * This power as granted by our Constitution to the Legislature to establish such other Courts as would be Statutory, not Constitutional, Courts does not prescribe any criterion by which such power should be exercised or circumscribed.
The second question urged by appellants is that the arrest, search and seizure of the defendants was unlawful. The record does not disclose any facts which differentiate the instant case from the principles of law as enunciated by this Court in Church v. State, 151 Fla. 24, 9 So.2d 164; Green & Penrose v. State, 151 Fla. 23, 9 So.2d 167; Mixon v. State, Fla., 54 So.2d 190, and 47 Am.Jur. 508; 56 C.J. 1174-1176, Sec. 54. Therefore, the arrest, search and seizure was done in a lawful manner.
Appellants' next contention revolves around certain testimony tending to connect *132 them with the lottery violations charged, which is asserted to be hearsay and inadmissible as being made without their presence and with no opportunity for cross examination. We can dispose of much of the testimony alleged to have been improperly admitted over objection as merely falling without the prohibition of the hearsay rule and being entirely within the personal knowledge of the witnesses testifying. We will concentrate rather on that testimony we consider as being subject to more serious objection, viz.: (1) that of the arresting officers as to what Charlie Henderson and his wife related concerning their working for the appellants, (2) that the appellants were inside the house "checking up," and (3) the time and place at which the appellants were going "to do the throwing". It is to be remembered and proper to reiterate at this point that one of the primary issues in this case is that of whether there was an unlawful search and seizure and, of course, a necessary incident thereto and important in the determination thereof is the question of whether consent to enter the house had been given to the arresting officers by the Hendersons.
Much of the testimony alleged to be erroneously admitted was received first in the absence of the jury and again in their presence. The trial Judge recognized and reiterated a number of times that such evidence dealing with conversation between the officers and the Hendersons was not binding on the appellants but was only admitted to show the exact nature of authority given the officers by the Hendersons to enter the house. Indeed, he not only gave such an informal instruction to the jury regarding same immediately following the rendering of such testimony in their presence but reaffirmed it in his formal instructions at the close of the case. Generally error in the admission of evidence is cured by such action. Quigley v. U.S., 1 Cir., 19 F.2d 756; Metzler v. U.S., 9 Cir., 64 F.2d 203; U.S. v. Rosenstein, 2 Cir., 34 F.2d 630; Pelham v. State, 23 Ala.App. 359, 125 So. 688. See also State v. Wall, 167 La. 413, 119 So. 410; People v. Ferlin, 203 Cal. 587, 265 P. 230.
We will not say that without proper instructions to the jury such testimony would have no prejudicial effect and would not amount to harmless error, but any error in the admission of the pivotal conversation with which we are concerned was cured by the able instruction of the trial judge. We cannot say in this case that its admission is reversible error. Nor can we reach that conclusion as to certain admissions of appellants, Charlie Johnson and Mr. Hanson, made without the presence of appellant, Mrs. Hanson. The evidence was certainly admissible against the first two mentioned appellants and there appears to have been no request by counsel on behalf of Mrs. Hanson for instructions to have such admissions limited in application to the other two appellants. See 23 C.J.S., Criminal Law, § 1032(b) p. 415, et seq.; 22 C.J.S., Criminal Law, § 782, p. 1331; 1 RCL 574 and Stoutamire et al. v. State, 133 Fla. 757, 183 So. 316.
Affirmed.
SEBRING, C.J., and TERRELL, CHAPMAN, THOMAS, HOBSON and ROBERTS, JJ., concur.