HORTON, Judge.
This is an action under the Federal Employers’ Liability Act, Sec. 1 et seq., 45 U.S.C.A. § 51 et seq., by an employee of appellant to recover damages for personal injuries sustained while in the performance of his duties as such employee.
*69 These interlocutory appeals are from two orders of the circuit court, i.e., (1) denying’ appellant’s application for change of venue and (2) denying appellant’s request to present evidence on the issues raised by the application and the appellee’s traverse.
The appellant contends that the court abused its discretion in (1) denying the application for change of venue and (2) refusing to hear evidence relating to that issue.
Although the appellant recognizes that the trial judge is vested with a degree of discretion in granting or denying an application for change of venue under Chapter S3, Fla.Stat., F.S.A., nevertheless it appears to rest its arguments upon an absolute duty to grant such a change. If the appellant’s position in this regard were correct, then the trial judge would have no discretion in the matter of such application and would be performing a mere ministerial duty in ordering the transfer of the cause to another jurisdiction. We do not interpret the decisions or the statute as requiring such result. Section 53.02, Fla.Stat., F.S.A., and Haddock v. State, 141 Fla. 132, 192 So. 802, 809.
The appellant’s application for change of venue was supported by affidavits and numerous newspaper articles appearing in the local press, as well as the substance of numerous radio and television broadcasts. In addition, there was attached a chart showing the percentage of jurors eligible for jury service who were reportedly connected with the union which was then on strike against appellant. The application for change of venue was noticed for hearing before the trial judge by the appellant approximately one week prior to the day of hearing. Prior to and at the date of the hearing it does not appear that appellant subpoenaed or attempted to subpoena witnesses to testify in its behalf or that it had witnesses otherwise available to testify on the date of the hearing.
The appellant complains that the trial judge erroneously denied its request to offer evidence in support of the allegations of its application. We think this contention is without merit, for in addition to its failure to subpoena or attempt to subpoena witnesses for the hearing which it had noticed approximately one week in advance of the date of hearing, it appears that the request to submit additional evidence was not urged until the court was about to rule.
 The newspaper articles and the substance of the radio and television broadcasts, characterized as criticism of the appellant, were (1) lack of efforts to end the strike; (2) failure to keep its trains running; (3) failure to protect dangerous crossings; (4) its arbitrary setting of railroad speed limits; (S) the fact that the railroad owed certain municipal and county taxes; and (6) observations on bombings and violence directed against the railroad. We are unable to agree with appellant’s conclusion that the impact of these editorials, broadcasts, etc., upon the minds of the inhabitants of the county would render the appellant so odious to such inhabitants as to make it impossible for it to have a fair and impartial jury trial.
The question of whether a change of venue is necessary in order to obtain a fair and impartial trial is usually one of fact which the presiding judge, who has knowledge of all the circumstances of the case, is in a much better position to pass upon than is an appellate court. The burden is upon the appellant to demonstrate that the trial judge abused his discretion in refusing a change of venue. The appellant has failed to discharge that burden.
The orders appealed are hereby affirmed.
Affirmed.
CARROLL, Judge, dissents.